WINTERS v. PAGE COUNTY.

1. **Pleading**: ATTACHING COPY OF ACCOUNT: DEMURRER.   Under § 2648 of the Code, a petition in an action upon an account is bad on demurrer, if a copy of the account is not embodied in or attached to the petition, even though the account is so simple, and so fully stated in the petition, that a copy might appear to be superfluous.

*Appeal from Page District Court.*

MONDAY, DECEMBER 13.

ACTION for services alleged to have been rendered in nursing persons sick with small-pox. The plaintiff alleged that he was engaged in service continually seventeen days,

from June 5, 1885, to June 22, 1885, and that his services were reasonably worth the sum of $6.50 per day. No copy of an account was attached to the petition, and the defendant demurred to the petition on the ground of a want of such copy. The court sustained the demurrer. The plaintiff elected to stand upon his petition, and judgment was rendered against him for costs. He appeals.

*Clark & Parslow*, for appellant.

No appearance for appellee.

ADAMS, CH. J.—Section 2648 of the Code provides that where an action is brought upon an account, and no copy is incorporated into or attached to the petition, the defendant may demur upon that ground. The necessity for setting out a copy of the account sued on, where the claim is so simple and fully stated as in this case, does not very clearly appear, except that it seems to be provided by statute, and we do not feel at liberty to ignore its provision. It is contended, to be sure, that the statute is substantially complied with, by reason of the fact that a detailed statement appears in the body of the petition; but it cannot be claimed that such statement is a copy of an account. The statute seems to contemplate a formal statement. It may be incorporated into the petition; but if it is thus incorporated into it, it should, we think, be of the same character as a copy prepared to be attached as an exhibit. Without a doubt such succinct formal statement proves in many cases to be a matter of great convenience. This would always be so where the account is long, and the items various and charged under different dates. Now, while the present case is very simple, and a copy of a formal account could hardly serve any useful purpose, we do not feel at liberty to depart from the rule. If what is done in this case should be held to be a substantial compliance, courts would be called upon in more troublesome cases to determine

what is a substantial compliance, and it will be seen at once that no very good rule could be laid down.

In our opinion it is better that the letter of the statute should be strictly adhered to. We think that the demurrer was rightly sustained.

AFFIRMED.